1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11   SANFORD A. WEISBERG,              CASE NO. CV 17-8471 SVW (SS)

12              Plaintiff,             **ORDER ACCEPTING FINDINGS,**

13        v.                          **CONCLUSIONS AND RECOMMENDATION**

14   NANCY A. BERRYHILL, Acting        **OF UNITED STATES MAGISTRATE**
     Commissioner of the Social
15   Security Administration,          **JUDGE**

16              Defendant.

17

18        Pursuant to 28 U.S.C. § 636, the Court has reviewed the

19   Complaint, all the records and files herein, the Report and

20   Recommendation of the United States Magistrate Judge, and

21   Defendant's Objections.  After having made a <u>de novo</u> determination

22   of the portions of the Report and Recommendation to which

23   Objections were directed, the Court concurs with and accepts the

24   findings and conclusions of the Magistrate Judge.  However, the

25   Court briefly addresses Defendant's Objections, as discussed below.

26

27        In her Objections, Defendant argues that the ALJ properly

28   found "there is no evidence that Plaintiff's medically determinable

mental impairment poses more than a minimal limitation on his ability to perform basic work-related activities." (Obj. at 3). Defendant contends that the Report and Recommendation fails to cite objective clinical findings and instead "refers to a boilerplate paragraph repeated throughout Plaintiff's treatment notes, which reflected his self-reported mental health issues and allegations regarding his mental state." (Obj. at 4). While Defendant is correct that Plaintiff's treatment notes include Plaintiff's self-reports, psychiatric evaluations "always depend in part on the patient's self-report, as well as on the clinician's observations of the patient." Buck v. Berryhill, 869 F.3d 1040, 1049 (9th Cir. 2017). "Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness." Id.

Further, contrary to Defendant's assertion, the Magistrate Judge found that Plaintiff often presented with objective symptoms of a serious mental impairment. (R&R at 9-10). Indeed, Plaintiff frequently presented with depression symptoms along with occasional symptoms of anxiety, hypomania, grandiose thoughts, moderately impaired judgment and insight, blunted affect, and suicidal ideations. (AR 492, 511, 531, 557, 560, 565, 569, 594, 599, 608, 611, 631, 642, 650, 660, 663, 671, 679, 687, 689, 692, 702, 705, 719, 723, 727, 735, 354-55, 756, 761, 767, 778, 780, 792, 800, 821, 835). Defendant cites a few isolated medical records in August 2016 for the proposition that the treatment records do not contain "any objective evidence to establish a deficit in cognitive

functioning." (Obj. at 4). However, as the Ninth Circuit has emphasized with regards to mental impairments,

> [I]t is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment. Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working.

Garrison v. Colvin, 759 F.3d 995, 1017 (9th Cir. 2014).

Despite acknowledging that Plaintiff was hospitalized for depression and suicidal ideations for two days in December 2014, four days in October 2015, and seven days in December 2015, Defendant contends that "Plaintiff's confinement [sic] was short lived and did not meet the duration requirements for social security disability." (Obj. at 4). Even if these three hospitalizations fail to establish the duration requirement, Plaintiff consistently exhibited serious mental health symptoms when he was treated on a near-weekly basis at Didi Hirsch Mental Health Services during the period of January 2015 through September 2016, as cited above. (See also AR 369 (reporting that depression first diagnosed in 1979), 358-61 (exhibiting symptoms of depression and anxiety in March 2014), 378-79 (presenting with anxious/fearful

thoughts, depressed mood, and fatigue prior to his treatment at Didi Hirsch)).

Finally, Defendant contends that the ALJ's step-two nonseverity determination is supported by the State agency reviewing physicians' evaluations and the consultative psychologist's opinion. (Obj. at 5). However, the State agency physicians made their determinations <u>before</u> the nearly 600 pages of medical records from Didi Hirsch Mental Health Services were included in the record. Therefore, the ALJ's decision to give "great weight" to the State agency consultants' opinions (AR 24) was error because their opinions were based on an incomplete record. <u>See</u> <u>Celaya v. Halter</u>, 332 F.3d 1177, 1183 (9th Cir. 2003) ("The ALJ always has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered even when the claimant is represented by counsel.") (citation and ellipses omitted). Further, while the ALJ gave "great weight" to the consulting psychologist's opinion (AR 24), the ALJ failed to acknowledge or account for the psychologist's conclusions that Plaintiff's depressed mood and anxiety diminish his coping capacity and that Plaintiff is moderately limited in his ability to deal with changes in a routine setting (AR 372). A claimant who has moderate difficulties in adopting to changes in routine is generally limited to simple, routine work. <u>See, e.g.</u>, <u>Onate-Ruezga v. Colvin</u>, No. 14 CV 0734, 2015 WL 5321811, at *7 (E.D. Cal. Sept. 11, 2015); <u>Granville v. Colvin</u>, No. 15 CV 5833, 2016 WL 4473121, at *3 (W.D. Wash. Aug. 24, 2016); <u>Culpepper v. Berryhill</u>, No. 16 CV 1230, 2017 WL 6594640, at *4-5 (E.D. Cal. Dec.

26, 2017); <u>McGrath v. Berryhill</u>, No. 17 CV 1977, 2018 WL 2094344, at *11 (C.D. Cal. May 4, 2018). Because the step-two evaluation is to dispose of "groundless claims," and the evidence here was far beyond "groundless" to demonstrate that Plaintiff suffers from a severe mental impairment, the ALJ erred at step two. <u>Webb v. Barnhart</u>, 433 F.3d 683, 686-87 (9th Cir. 2005).

**IT IS ORDERED** that Judgment shall be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order and the Judgment herein on counsel for Plaintiff and counsel for Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: November 19, 2018

_____
STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE