# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANFORD A. WEISBERG,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,<br><br>　　　　　Defendant. | CASE NO. CV 17-8471 SVW (SS)<br><br>**AMENDED ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

On September 24, 2018, the United States Magistrate Judge issued a Report and Recommendation, recommending that Judgment be entered reversing the decision of the Commissioner and, pursuant to Sentence Four of 42 U.S.C. § 405(g), remanding the matter for further administrative action consistent with the Report and Recommendation. (Dkt. No. 23). On October 9, 2018, Defendant filed objections to the Report and Recommendation ("Objections"). (Dkt. No. 24). On November 19, 2018, the Court concurred with and accepted the findings and conclusions of the Magistrate Judge. (Dkt. No. 26). Nevertheless, the Court's Order inadvertently

indicated that Judgment should be entered affirming the decision of the Commissioner. (Id. at 5); (see also Dkt. No. 27).

On November 25, 2018, Plaintiff objected to the Court's Order Accepting Findings, Conclusions and Recommendations of United States Magistrate Judge. (Dkt. No. 28). In his objections, Plaintiff noted the discrepancy between the Report and Recommendation and the ultimate Judgment. (Id.).

The Court finds that due to an inadvertent clerical error, the Order Accepting Findings, Conclusions and Recommendation of United States Magistrate Judge (Dkt. No. 26) and the Judgment (Dkt. No. 27), entered on November 21, 2018, must be vacated. The Order Accepting Findings, Conclusions and Recommendation of United States Magistrate Judge is amended as follows:

After having made a de novo determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge. However, the Court briefly addresses Defendant's Objections, as discussed below.

In her Objections, Defendant argues that the ALJ properly found "there is no evidence that Plaintiff's medically determinable mental impairment poses more than a minimal limitation on his ability to perform basic work-related activities." (Obj. at 3). Defendant contends that the Report and Recommendation fails to cite objective clinical findings and instead "refers to a boilerplate

paragraph repeated throughout Plaintiff's treatment notes, which reflected his self-reported mental health issues and allegations regarding his mental state." (Obj. at 4). While Defendant is correct that Plaintiff's treatment notes include Plaintiff's self-reports, psychiatric evaluations "always depend in part on the patient's self-report, as well as on the clinician's observations of the patient." Buck v. Berryhill, 869 F.3d 1040, 1049 (9th Cir. 2017). "Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness." Id.

Further, contrary to Defendant's assertion, the Magistrate Judge found that Plaintiff often presented with objective symptoms of a serious mental impairment. (R&R at 9-10). Indeed, Plaintiff frequently presented with depression symptoms along with occasional symptoms of anxiety, hypomania, grandiose thoughts, moderately impaired judgment and insight, blunted affect, and suicidal ideations. (AR 492, 511, 531, 557, 560, 565, 569, 594, 599, 608, 611, 631, 642, 650, 660, 663, 671, 679, 687, 689, 692, 702, 705, 719, 723, 727, 735, 354-55, 756, 761, 767, 778, 780, 792, 800, 821, 835). Defendant cites a few isolated medical records in August 2016 for the proposition that the treatment records do not contain "any objective evidence to establish a deficit in cognitive functioning." (Obj. at 4). However, as the Ninth Circuit has emphasized with regards to mental impairments,

> [I]t is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment.

3

> Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working.

Garrison v. Colvin, 759 F.3d 995, 1017 (9th Cir. 2014).

Despite acknowledging that Plaintiff was hospitalized for depression and suicidal ideations for two days in December 2014, four days in October 2015, and seven days in December 2015, Defendant contends that "Plaintiff's confinement [sic] was short lived and did not meet the duration requirements for social security disability." (Obj. at 4). Even if these three hospitalizations fail to establish the duration requirement, Plaintiff consistently exhibited serious mental health symptoms when he was treated on a near-weekly basis at Didi Hirsch Mental Health Services during the period of January 2015 through September 2016, as cited above. (See also AR 369 (reporting that depression first diagnosed in 1979), 358-61 (exhibiting symptoms of depression and anxiety in March 2014), 378-79 (presenting with anxious/fearful thoughts, depressed mood, and fatigue prior to his treatment at Didi Hirsch)).

Finally, Defendant contends that the ALJ's step-two nonseverity determination is supported by the State agency reviewing physicians' evaluations and the consultative

psychologist's opinion. (Obj. at 5). However, the State agency physicians made their determinations <u>before</u> the nearly 600 pages of medical records from Didi Hirsch Mental Health Services were included in the record. Therefore, the ALJ's decision to give "great weight" to the State agency consultants' opinions (AR 24) was error because their opinions were based on an incomplete record. <u>See</u> <u>Celaya v. Halter</u>, 332 F.3d 1177, 1183 (9th Cir. 2003) ("The ALJ always has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered even when the claimant is represented by counsel.") (citation and ellipses omitted). Further, while the ALJ gave "great weight" to the consulting psychologist's opinion (AR 24), the ALJ failed to acknowledge or account for the psychologist's conclusions that Plaintiff's depressed mood and anxiety diminish his coping capacity and that Plaintiff is moderately limited in his ability to deal with changes in a routine setting. (AR 372). A claimant who has moderate difficulties in adapting to changes in routine is generally limited to simple, routine work. <u>See, e.g.</u>, <u>Onate-Ruezga v. Colvin</u>, 2015 WL 5321811, at *7 (E.D. Cal. Sept. 11, 2015); <u>Granville v. Colvin</u>, 2016 WL 4473121, at *3 (W.D. Wash. Aug. 24, 2016); <u>McGrath v. Berryhill</u>, 2018 WL 2094344, at *11 (C.D. Cal. May 4, 2018). Because the step-two evaluation is to dispose of "groundless claims," and the evidence here was far beyond "groundless" to demonstrate that Plaintiff suffers from a severe mental impairment, the ALJ erred at step two. <u>Webb v. Barnhart</u>, 433 F.3d 683, 686-87 (9th Cir. 2005).

**IT IS ORDERED** that the Order Accepting Findings, Conclusions and Recommendations of United States Magistrate Judge (Dkt. No. 26) and the Judgment (Dkt. No. 27), entered on November 21, 2018, are **VACATED**.

**IT IS FURTHER ORDERED** that an Amended Judgment shall be entered reversing the decision of the Commissioner and, pursuant to Sentence Four of 42 U.S.C. § 405(g), remanding the case for further administrative action consistent with the Report and Recommendation.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Amended Order and the Amended Judgment herein on counsel for Plaintiff and counsel for Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: December 13, 2018

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE